**Juan Jose BERMUDEZ–MELENDEZ, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–75221.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 22, 2010.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

Jesse David Lorenz, Esquire, Trial, Christopher McGreal, Emily Anne Radford, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Juan Jose Bermudez–Melendez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen and rescind a deportation order entered in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Bermudez–Melendez's motion to reopen on the ground that he failed to establish exceptional circumstances based on notary advice. *See* 8 U.S.C. § 1252b(c)(3)(A); *Hernandez v. Mukasey,* 524 F.3d 1014, 1020 (9th Cir. 2008) (reliance on the advice of a non-attorney cannot form the basis of an ineffective assistance of counsel claim).

We lack jurisdiction to consider Bermudez–Melendez's contention that the BIA should have exercised its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**